## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |
|---|---|
| Omar Balderas, | : Civil Action No.: **C V 4 1 1 - 2 9 3** |
| Plaintiff, | : |
| v. | : |
| Stellar Recovery, Inc.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

For this Complaint, the Plaintiff, Omar Balderas, by undersigned counsel, states as follows:

### JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.    The Plaintiff, Omar Balderas ("Plaintiff"), is an adult individual residing in Savannah, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.      Defendant Stellar Recovery, Inc. ("Stellar"), is a Colorado business entity with an address of 8480 E Orchard Rd., Ste 1200 Greenwood Village, Colorado 80111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,000.00 (the "Debt") to Best Buy (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stellar Engages in Harassment and Abusive Tactics

12.      Within the past year, Stellar contacted Plaintiff in an attempt to collect the Debt.

13.      Stellar contacted Plaintiff at an excessive or harassing rate, sometimes causing Plaintiff's residential telephone to ring daily up to five (5) times per day.

14.     Stellar contacted Plaintiff at Plaintiff's place of employment in an attempt to collect the Debt.

15.     Plaintiff advised Stellar that calls to his workplace were prohibited and inconvenient for Plaintiff.   Plaintiff instructed Stellar not to contact him at his place of employment.

16.     Thereafter, Stellar continued to contact at his place of employment.

17.     Plaintiff is in the military.   The collector threatened to contact Plaintiff's commander and further threatened that Plaintiff would be "kicked out of the army." This caused great distress for Plaintiff.

18.     Stellar contacted Plaintiff's commander in an attempt to collect the Debt. Stellar informed the commander of the existence of the debt, causing a great deal of embarrassment and humiliation, and additionally jeopardized his employment. At the time of said contact, Stellar was aware of Plaintiff's personal location information.

19.     Stellar contacted Plaintiff's neighbor in an attempt to collect the Debt.   Stellar disclosed the existence of the Debt to him, causing a great deal of embarrassment and humiliation to Plaintiff. At the time of said contact, Stellar was aware of Plaintiff's personal location information.

20.     Stellar threatened to immediately file a lawsuit against Plaintiff if he failed to immediately pay the Debt. To date, no such lawsuit has been filed.

21.     Stellar's threats and third party contacts were an attempt to oppress and intimidate into making immediate payment. Plaintiff was ultimately coerced into making a $750.00 payment.   Plaintiff instructed Stellar to withdraw the funds the same day.   Stellar did not withdraw the funds from Plaintiff's account.

22.     On or about July 12, 2011, Plaintiff informed Stellar that he had retained an attorney and that all communications should cease.

23.     Thereafter, Stellar continued to contact Plaintiff.

24.     Stellar failed to identify the name of the debt collection entity when speaking with Plaintiff.

25.     Stellar failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

26.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

30.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

31.    The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

32.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

33.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

34.    The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

35.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

36.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37.    The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

38.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

39.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

42. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

43. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT,**
**O.C.G.A. § 10-1-390, et seq.**

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

47. The Plaintiff incurred a Debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

48. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

49. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

50.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

53.     Georgia further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Georgia state law.

54.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with calls to his home and work.

55.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

57.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

58.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Georgia.

60.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

61.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 22, 2011.

Respectfully submitted,

s/ Cara Hergenroether, Esq.
Attorney Bar Number: 570753
Attorney for Plaintiff Omar Balderas
Lemberg & Associates LLC
1400 Veterans Memorial Highway
Suite 134, #150
Mableton, GA 30126
Telephone: (855) 301-2100 ext. 5516
Email: chergenroether@lemberglaw.com

9